**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KIRK STUTES,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**JASON TIPTON, DANE GRAINGER,** )<br>**ALEXANDRO SOLIS, JOHN FERGUSON,** )<br>**FRED FIGUEROA, DAVID NELLIS,** )<br>**JAMES TURNER, and** )<br>**CORRECTIONS CORPORATION OF AMERICA,**)<br>)<br>)<br>    **Defendants.** ) | Case No. CIV-08-207-M |

## REPORT AND RECOMMENDATION

Plaintiff, a Vermont prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of certain constitutional rights during his incarceration at the North Fork Correctional Facility ("NFCF") in Sayre, Oklahoma. This case was transferred to this Court from the United States District Court for the District of Vermont on February 28, 2008. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). This matter is currently before the Court on the following motions that were pending at the time of transfer: (1) Defendants' motion to dismiss [Doc. 1, "Notice of Appearance"/"Defendant's Motion to Dismiss"][1] (hereinafter, "Defendants' MTD"), to which Plaintiff filed a reply

---

[1]This Court's docket identifies the record from the United States District Court for the District of Vermont as Document Number One with Attachments 1-39 (except that there is no Attachment 36, 37, or 38). Citing to the transferred record has also been made difficult because the
(continued...)

[Doc. 1, "Plaintiff's Opposition to Defendants Motion to Dismiss and Memorandum of Law"]; (2) Plaintiff's "Motion to Serve Complaint" [Doc. 1], to which Defendants filed a reply [Doc. 1, "Defendants' Opposition to Plaintiff's Motion to Serve Defendants in their Individual Capacities"]; and (3) Plaintiff's "Motion for Partial Default Judgment" [Doc. 1], to which Defendants have not filed a reply.  For the reasons discussed hereafter, it is recommended that Defendants' motion to dismiss be granted as to Defendant CCA and denied in all other respects. Additionally, pursuant to the undersigned's screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it is recommended that Defendants Ferguson, Turner, and Figueroa be dismissed for failure to state a claim upon which relief may be granted.  Finally, it is recommended that Plaintiff's motion to serve complaint and motion for partial default be denied as moot and that Plaintiff be granted additional time to effect service on the unserved individual Defendants.

Factual and Procedural Background

In January 2007 Plaintiff was an inmate at NFCF,[2] a prison owned and operated by Corrections Corporation of America ("CCA"), a private corporation headquartered in Tennessee. [Doc. 1, Complaint , p. 8, ¶19; p. 16, ¶52].  Plaintiff alleges that on January 31,

---

[1](...continued)
Court's Electronic Case Filing ("ECF") link number differs from the "Attachment" number. Therefore, the undersigned has cited to this portion of the record as "Doc. 1" and by referencing each cited document by title, which should enable all parties to identify and access the referenced documents.

[2]The record shows that on September 17, 2007, Plaintiff notified the Vermont court that he had been transferred to Lee Adjustment Center in Kentucky. [Doc. 1, "Certificate of Service and Notice of Change of Address].

2007, NFCF officers came to search his cell, and when he objected, Defendants Tipton, Grainger and Solis took him from his cell in handcuffs and wearing only his tennis shoes and underwear (t-shirt & boxer shorts) to an outdoor segregation unit "cage." Plaintiff alleges that he was left in cold 27 degree weather for approximately one hour with his hands handcuffed behind his back. [Doc. 1, Complaint, pp. 16-18]. Eventually a fourth officer retrieved Plaintiff and placed him in an indoor shower cage. Plaintiff alleges that following this event, he became sick and submitted a "sick call" request on February 2, 2007. [Doc. 1, Complaint, p. 19]. Plaintiff further alleges that his mistreatment was part of a pattern of retaliation by prison personnel arising out of his relationship with a female NFCF corrections officer. He claims that the conduct of various corrections officials rose to the level of gross negligence and deliberate indifference, violating his constitutional right to be free from cruel and unusual punishment. [Doc. 1, Complaint, p. 24]. Plaintiff seeks declaratory, injunctive and monetary relief.

In his complaint Plaintiff initially named the following Defendants: CCA and CCA officials John Ferguson and James Turner; NFCF Warden Fred Figueroa; NFCF officials Jason Tipton, Dane Grainger, David Nellis, and Alexandro Solis; and two Vermont Department of Corrections ("VDOC") officials, Kevin Oddy and Robert Hofmann. Counsel entered an appearance and moved for dismissal on behalf of CCA and CCA officials Ferguson and Turner, NFCF officials Figueroa, Tipton, and Solis [3] in their official capacities

---

[3] The record reflects no evidence of service or waivers of service forms returned by
(continued...)

only, and VDOC defendants Oddy and Hofmann, in their official and individual capacities.[4] [Doc. 1, Defendants' MTD]. These Defendants alternatively moved to transfer the case to this Court. *Id.* The Vermont district court granted the motion to dismiss as to the two Vermont Defendants, Oddy and Hofmann, for lack of personal involvement, and transferred the action to this Court.

## ANALYSIS

I. Defendants' Motion to Dismiss - Standard of Review

Dismissal for failure to state a claim is proper if Plaintiff does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955, 1974 (2007). Thus, the "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 1965. *See also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1088 (10th Cir. 2003).

To state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[3](...continued)
Defendants Grainger and Nellis. According to a letter written by counsel who appeared on behalf of the served Defendants, neither Grainger nor Nellis currently work for CCA at NFCF.

[4] It appears that Defendants were mailed two separate waivers of service, one for official capacity and another for individual capacity. NFCF Defendants Figueroa, Tipton and Solis executed and returned the "official capacity" waivers but returned the individual capacity waivers unsigned.

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This Court construes pleadings by a pro se party liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (10th Cir. 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (quoting *Hall*, 935 F.2d at 1110). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

    A.  Defendant CCA

Plaintiff alleges that Defendant CCA "failed to protect and provide the Plaintiff's reasonable safety by placing the plaintiff in harms way by being deliberately indifferent to the Plaintiff's needs for reasonable safety." [Doc. No. 1, Complaint, p. 8, ¶19].[5] Presumably, Plaintiff names CCA because it owns and operates NFCF.

Relying on *Monell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658, 691 (1978), Defendants contend that Plaintiff has failed to state a claim against Defendant CCA because he has failed to assert that the alleged constitutional violation was the result of actions taken pursuant to CCA policy. [Doc. 1, Defendants' MTD, pp. 19-20]. Defendants

---

[5]Plaintiff states without explanation that he is suing CCA in its "individual 'personal' capacity." [Doc. 1, Complaint, p. 8, ¶19].

also contend that any attempt to hold CCA liable pursuant to a tort theory of respondeat superior fails to state a cognizable claim under § 1983.

In *Monell*, the Supreme Court stated that a municipality could not be held liable under § 1983 pursuant to a theory of respondeat superior. *Monell*, 436 U.S. at 691-94. This protection has been extended to private corporations performing municipal functions. *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 723 (10th Cir. 1988);[6] *accord Baker v. Simmons*, No. 02-3260, 2003 WL 21008830, *2 (10th Cir. May 6, 2003) (unpublished decision).[7] *See also Taylor v. Plousis*, 101 F. Supp. 2d 255, 264 n.4 (D. N.J. 2000) (stating that "[a]lmost every court to have considered the issue has held that a private corporation, like a municipality, may not be held vicariously liable under § 1983"). Thus, a private corporation such as CCA can be liable only if the unconstitutional acts of its officers or employees were the result of (*i.e.*, affirmatively linked to) the corporation's own policy, custom or practice.[8] *See e.g., Smedley v. Corrections Corp. of America*, No. 04-5113,

---

[6]In *DeVargas* the Tenth Circuit stated: "The Supreme Court's holding in *Monell [v. Department of Social Services*, 436 U.S. 758 (1978)], was based on congressional intent that § 1983 liability not be imposed vicariously. Although *Monell* addressed only the liability of municipalities, the rationale of its holding applies equally to corporate defendants." *DeVargas*, 844 F.2d at 723.

[7]This unpublished decision and others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[8]In a conclusory manner Plaintiff alleges that CCA failed to properly train and adequately supervise its employees at NFCF. [Doc. 1, Complaint, p. 25]. However CCA is not a "supervisor," but a corporation. A theory of "supervisory liability" may be available against individuals employed by CCF, but is inapplicable to the corporation itself . *See Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) ("when supervisory liability is imposed, it is imposed against the supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates") (footnote omitted); *Green v. City of Paterson*, 971 F. Supp. 891, 912

(continued...)

2005 WL 3475806, * 2 (10th Cir. Dec. 20, 2005) (unpublished decision) ("in order to hold CCA liable for the alleged tortious acts of its agents, [the plaintiff] must show that CCA directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985)).

Here, Plaintiff fails to allege that CCA had any policy or custom that caused the alleged unconstitutional treatment at NFCF. In fact, Plaintiff states that he "fully expects to find *no* official policies during discover[y] which support the actions, errors, and omissions of the defendants." [Doc. 1, Plaintiff's Motion to Serve Complaint, p. 4]. Thus, the undersigned finds that Plaintiff has failed to state a valid claim against CCA. *Monell*, 436 U.S. at 691. *See also Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996) (holding that a private corporation operating a prison had properly obtained summary judgment based on a lack of evidence regarding a policy, custom or inadequacy in training). Accordingly, the undersigned recommends that the motion to dismiss be granted as to Defendant CCA. Because the cause of action against CCA is potentially curable, however, the dismissal of the claim against this corporation should be without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

---

⁸(...continued)
(D.N.J. 1997) ("A local governmental entity cannot be held liable pursuant to supervisor liability for the conduct of its employees.") (citation omitted).

B. Individual Defendants

As to the remaining individual Defendants who have moved for dismissal, the undersigned finds that there is no basis on which to grant the motion. In his complaint Plaintiff plainly and clearly sets forth his claims against all defendants in their *personal* capacities. [Doc. 1, Complaint, pp. 4-8, ¶¶ 12-19]. Defendants Ferguson, Turner, Figueroa, Tipton and Solis filed a motion to dismiss only in their *official* capacities; therefore, the motion does not address Plaintiff's specific allegations against them in their *individual* capacities. Accordingly, it is recommended that the motion to dismiss be denied as to the claims against Defendants Ferguson, Turner, Figueroa, Tipton and Solis.

II. Screening of the Complaint

In addition to considering the motion to dismiss, because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether it should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, a court "shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner . . . if it is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . ." 42 U.S.C. § 1997e(c)(1). The standard governing dismissal for failure to state a claim pursuant to Rule 12(b)(6) and to § 1915(e)(2)(B)(ii) is "essentially the same." *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting such review, Plaintiff's pro se pleadings are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court is not "bound by conclusory allegations,

unwarranted inferences, or legal conclusions" contained in those pleadings. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

Applying this standard, the undersigned finds that Plaintiff has failed to state a claim for § 1983 relief against Defendants Ferguson, Turner, and Figueroa in their individual capacities, warranting summary dismissal of these claims. Personal participation is an essential element of a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262, 1262-63 (10th Cir. 1976). As a result, liability under § 1983 cannot be imposed "vicariously on a theory of respondeat superior." *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006). A supervisor may only be held liable if the inmate identifies an "affirmative link" between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. 2001).

Plaintiff has not sufficiently pled an affirmative link between CCA President Ferguson or CCA Vice President Turner and the constitutional deprivations alleged in the complaint. He has not stated facts showing that any constitutional deprivations were caused by either Ferguson or Turner's direct involvement in the events on January 31, 2007. Nor has he pled facts showing that these two Defendants controlled or directed the placement of Plaintiff in the outdoor segregation cage on that date. Rather, Plaintiff alleges that Ferguson and Turner are liable based on the theory of respondeat superior. [Doc. 1, Complaint, p. 7, ¶¶17 and 18]. However, Plaintiff sets forth no facts showing that his alleged constitutional injury is linked to the personal participation, exercise of control or direction, or failure to supervise

by either of these Defendants.[9] Consequently, the Court should dismiss Plaintiff's claims against Defendants Ferguson and Turner. *Trujillo v. Williams*, 465 F.3d at 227-28 (upholding dismissal of § 1983 claims because the complaint did not indicate personal participation by the named defendants); *see also Means v. Lambert*, Case No. CIV-06-1137-HE, 2007 WL 4591251, *1, 4 (W.D. Okla. Dec. 28, 2007) (dismissing the claims against defendant John Ferguson in light of the failure to allege that the CCA president had personally authorized, supervised, or participated in any decisions relating to the plaintiff); *Cole v. Corrections Corp. of America*, Case No. CIV-06-1115-F, 2007 WL 2248169, *1, 5-6 (W.D. Okla. Aug. 2, 2007) (same).

Likewise, Plaintiff has not alleged that Defendant Figueroa, warden of NFCF, was personally involved in the alleged constitutional deprivation upon which the complaint is based. *Trujillo v. Williams*, 465 F.3d at 1227 ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). Defendant Figueroa's supervisory authority over the officers

---

[9]Plaintiff alleges that Defendant Turner "had direct knowledge of the series of retaliatory actions being taken against the plaintiff . . . ." [Doc. 1, Complaint, p. 7, ¶18]. Although Plaintiff is not specific as to the source of such "direct knowledge," he may be referring to a letter he wrote to Turner and other officials alleging that following his disciplinary conviction on August 1, 2006, for "making a sexual proposal to another person" (a female correctional officer), several events showed "unfair treatment" by prison staff: a phone call with the female officer was disconnected; some mail was improperly withheld; certain property was not returned after segregation; his "state pay" was reduced; three NFCF officials made derogatory remarks to him; one officer poured milk on his oatmeal; and another officer smirked when this action was reported. [Doc. 1, Complaint, Attachment 10]. Plaintiff requested that the officials help "de-escalate this situation," by transferring him to another prison. Nothing in the record shows that Defendant Turner received such letter or responded in any way. Plaintiff's unsupported conclusion is insufficient to support a claim based on the January 2007 incident.

allegedly involved in the January 31, 2007, incident is insufficient to support § 1983 liability. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (finding that a prison official cannot be held liable for all actions that occur at a prison merely because he has general supervisory responsibility). Here, Plaintiff fails to allege any connection between Warden Figueroa and the events forming the basis of the suit or to allege facts showing an "affirmative link."[10] The lack of an "affirmative link" between the alleged violations suffered by Plaintiff and any actions of Defendant Figueroa results in a finding that Plaintiff has failed to state a claim of individual liability against Figueroa. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (supervisor liability requires an "affirmative link [between the supervisor and the subordinate] showing [the supervisor's] authorization or approval of such misconduct").

Based on the foregoing, the undersigned finds that Plaintiff fails to allege any personal participation, direction, authorization or approval by Defendants Ferguson, Turner and Figueroa which caused his constitutional deprivation. Absent such an affirmative link, these Defendants are not liable under a theory of respondeat superior. *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000). Accordingly, it is recommended that Plaintiff's individual liability claims against these Defendants be dismissed for failure to state a claim upon which

---

[10]As with Defendant Turner, Plaintiff alleges that Defendant Figueroa had "direct knowledge" of retaliatory actions being taken against Plaintiff. [Doc. 1, Complaint, p. 6, ¶16]. Assuming Plaintiff is referring to the letter also allegedly sent to Defendant Turner describing various incidents perceived by Plaintiff as "unfair treatment," for the same reasons discussed with respect to Defendant Turner, such letter fails to establish an affirmative link creating liability on the part of Defendant Figueroa.

relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Claims for Declaratory and Injunctive Relief

After Plaintiff filed his complaint in the Vermont district Court, Plaintiff notified that court on September 17, 2007, that he had been transferred from NFCF to Lee Adjustment Center in Kentucky, where he is currently incarcerated. *See* Doc. 1, Certificate of Service and Notice of Change of Address." Plaintiff's transfer from the NFCF renders his claim for declaratory and injunctive relief moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (prisoner's transfer mooted his claim for declaratory and injunctive relief as a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him"). Therefore, it is recommended that Plaintiff's claims for declaratory relief and injunctive relief be dismissed on grounds of mootness. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*.").

IV. The State Law Claims

Plaintiff initially filed his complaint in the federal court in Vermont, invoking federal question jurisdiction and the Court's supplemental jurisdiction of "common law tort"claims based on Vermont law. [Doc. 1, Complaint, pp. 2, 26]. As previously stated, the Vermont court dismissed the two Vermont DOC officials from the case and transferred the remainder of the case to this Court. Plaintiff offers no authority for subjecting the remaining individual

defendants who are Oklahoma or Kentucky residents to Vermont law. Accordingly, it is recommended that Plaintiff's common law causes of action based on Vermont state law be dismissed.

V. Plaintiff's Pending Motions

   A. Motion to Serve Complaint

On August 27, 2007, prior to the transfer of this case, Plaintiff filed a "Motion to Serve Complaint," requesting that he be allowed to serve the individual Defendants in their *personal* capacities. The record shows that the original counsel who appeared for the served Defendants (in their official capacities) was permitted to withdraw prior to the transfer of the case to this Court. [Doc. 1, Docket Sheet in *Stutes v. Tipton, et al.*, Case No. 1:07-CV-66, entry February 20, 2008]. The undersigned entered an order on March 26, 2008, directing Defendants CCA, Turner, Ferguson, Figueroa, Tipton and Solis to obtain counsel who would file an entry of appearance on their behalf in this Court. [Doc. No. 4]. An entry of appearance was filed in the case by attorney Darrell Moore on March 31, 2008, on behalf of the above listed Defendants.[11] Mr. Moore's entry of appearance makes no distinction based on Defendants' capacities. Therefore, the undersigned finds that these Defendants have notice of the instant complaint and the claims asserted against them in their individual capacities. *See Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 256 (10th Cir. 1987)

---

[11]It is not clear whether Mr. Moore intended to comply with the order and enter an appearance on behalf of Defendants in their official capacities, as had previous counsel. However, it is reasonable to assume that as of March 31, 2008, the remaining served Defendants were given notice of the transfer of Plaintiff's § 1983 action to this Court and the claims against them in their individual capacities.

(finding the object of Oklahoma notice statutes is to provide a method of notification which is "reasonably calculated to give [the defendant] knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard.").

However, Defendants Grainger and Nellis have not been served. Federal Rule of Civil Procedure 4(m) sets the deadline for serving a defendant and provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

As well more than 120 days have passed since the complaint was filed, the claims against Defendants Grainger and Nellis are subject to dismissal for failure to timely serve. *See* Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to effect service on these Defendants within the applicable deadlines, Rule 4(m) also provides for an extension of time to complete service if the plaintiff shows "good cause" for the failure to timely serve a defendant. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).[12] The undersigned finds that a permissive extension of time is warranted here. The record shows that when Plaintiff attempted to effect service on all Defendants by waiver, counsel for the served Defendants advised that Defendants Grainger and Nellis no longer worked at NFCF. Under the

---

[12]In determining whether a permissive extension of time is warranted, several factors should be considered, including: (1) whether the applicable statute of limitations has expired; (2) whether the plaintiff is faced with "the complex requirements of multiple service"; and (3) whether, in the case of a pro se plaintiff, the failure to effect timely service is the result of confusion or delay attending the resolution of an *in forma pauperis* petition. *Espinoza*, 52 F.3d at 842 and n.8 (quotation omitted).

circumstances of this case, the undersigned finds good cause for granting Plaintiff an extension of time to serve Defendants Grainger and Nellis. Therefore, it is recommended that Plaintiff's "Motion to Serve Complaint" be granted to the extent that Plaintiff be allowed a reasonable time after the date of any order adopting this Report and Recommendation to serve Defendants Grainger and Nellis.[13]

B. <u>Plaintiff's Motion for Partial Default Judgment</u>

In another pending motion transferred to this Court, Plaintiff requests entry of an order of default judgment against Defendants Figueroa, Tipton and Solis pursuant to Fed. R. Civ. P. 55. [Doc. 1, "Motion for Partial Default"]. In support, Plaintiff alleges that although he sued these defendants in their individual capacities only, counsel appeared on their behalf (in the Vermont federal court) and filed a motion to dismiss only in their official capacities. Plaintiff contends that he is entitled to an entry of default because no response or answer has been filed by these Defendants in the capacity in which they were sued.

Plaintiff's request for default judgment is without merit.[14] First, there has been no request to the Court Clerk's office that default be entered in this matter pursuant to Fed. R. Civ. P. 55(a), which is a prerequisite to entry of a default judgment. Fed. R. Civ. P. 55(b). Further, justice is better served by a resolution of a case on the merits. *See In re Rains*, 946

---

[13] If this Report and Recommendation is adopted, and the matter is re-referred to the undersigned, an order will be entered directing the warden of NFCF to provide the last known address of Defendants Grainger and Nellis to the Marshals Service for service of process.

[14] If the recommendation that Plaintiff's claims against Defendant Figueroa be dismissed is adopted, the default issue as to Figueroa would be moot.

F.2d 731, 732 (10th Cir. 1991) (*per curiam*) ("Default judgments are a harsh sanction."). A default judgment is ordinarily available only when "the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoted citation omitted).

In this case, through a dichotomous waiver procedure not familiar to the undersigned, Defendants Figueroa, Tipton and Solis returned waivers only in their official capacities. Thus, these Defendants arguably have not been served in their individual capacities, and as such are not subject to a deadline for filing a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1) (providing that unserved individuals are under no duty to answer or make other motions). As previously noted, following the transfer of the case to this Court, attorney Darrell Moore entered an appearance in this case on March 31, 2008, on behalf of the served Defendants.

Here, the record shows no evidence of a pattern of delay or bad faith on the part of Defendants, and Plaintiff does not allege that any delay has prejudiced him. Moreover, if this Report and Recommendation is adopted and the matter is re-referred to the undersigned, an order setting a new date for dispositive motions will be entered, resulting in only minor delay. In light of the procedural posture of this case and absent evidence of bad faith on the part of Defendants, the undersigned recommends denial of Plaintiff's Motion for Partial Default Judgment.

    C. <u>Plaintiff's Motion for Summary Judgment/Appointment of Counsel</u>

On July 9, 2008, Plaintiff filed a pleading which, in part, moves for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 6]. The undersigned finds that Plaintiff's

motion should not be construed as a motion for summary judgment. First, Plaintiff's motion fails to comply with the requirements of Local Civil Rule 56.1(b) which prescribes that such motion/brief begin with a section containing a list of numbered facts to which the movant contends no genuine issue of fact exists. Additionally, although the motion is titled as one for summary judgment, Plaintiff's argument in support of the motion appears to seek an entry of default judgment – Plaintiff argues that although counsel filed an entry of appearance on behalf of Defendants on March 31, 2008, Defendants have failed to respond to the merits of his complaint since that time. As previously discussed, entry of default is inappropriate under the facts and procedural history of this case, and depending upon the disposition of this Report and Recommendation, a new scheduling order may be entered in the case to facilitate the adjudication of this case on the merits. For these reasons, the undersigned recommends that Plaintiff's "motion for summary judgment" be denied.

Plaintiff alternatively seeks an appointment of counsel. In support, Plaintiff states that as a Vermont state prisoner incarcerated at a private facility in Oklahoma, at the time he filed his complaint in the Vermont district court, he had access only to Vermont statutes and case law. According to Plaintiff, he is at a "distinct disadvantage" because following the transfer of this case, he "expects the defendants to invoke the use of Oklahoma law and precedent in arguing their case." Plaintiff requests that counsel be appointed because he is now incarcerated at a CCA facility in Kentucky and "no longer has access to Oklahoma statutes or case law."

"There is no constitutional right to appointed counsel in a civil case." *Durre v.*

*Dempsey*, 869 F.2d 543, 547 (10th Cir.1989). The courts have broad discretion to request an attorney to represent an indigent litigant in a civil proceeding. 28 U.S.C. § 1915(e)(1); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The Court, having given careful consideration to the circumstances of Plaintiff's case bearing on the need for counsel, *see Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), finds that Plaintiff's request for appointment of counsel should be denied at this time. Upon review of the record in this case, it is apparent that Plaintiff is able to present his case adequately, such that the Court is able to understand his claims. Further, to prevail on a § 1983 claims Plaintiff must show that a state actor violated his rights under the federal constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff thus far has shown his ability to cite relevant federal law relating to his § 1983 claims and has likewise displayed an adequate knowledge of and access to the Federal Rules of Civil Procedures. The undersigned finds that Plaintiff has failed to demonstrate his need for counsel at this early stage of the litigation. Accordingly, it is recommended that Plaintiff's motion seeking appointment of counsel be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion to dismiss filed by Defendants be granted as to Defendant CCA and denied in all other respects. It is further recommended that pursuant to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's individual liability claims against Defendants Ferguson, Turner and Figueroa be dismissed for failure to state a claim and that Plaintiff's claims for injunctive and declaratory relief be denied as moot. It is further recommended that Plaintiff's state law claims relying on

Vermont state law be dismissed.

It is recommended that Plaintiff's "Motion to Serve Complaint" be granted to the extent he is given an extension of time in which to serve Defendants Grainger and Nellis. Additionally, it is recommended that Plaintiff's "Motion for Partial Default" be denied.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 7th day of August, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of July, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE