# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIRK STUTES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-08-207-M |
| | ) |
| **JASON TIPTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner of the State of Vermont who was incarcerated at the North Fork Correctional Facility ("NFCF"), a private prison owned by Corrections Corporation of America, Inc. ("CCA"), in Sayre, Oklahoma, from March 23, 2006, until approximately September 13, 2007, brings this civil rights action pursuant to 42 U.S.C. § 1983. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

## Background

Plaintiff's claims arise out of an incident that occurred on January 31, 2007, at NFCF where Plaintiff was incarcerated. In accordance with this Court's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the officials at NFCF have filed a Special Report ("S.R.") [Doc. No. 20] summarizing the facility's investigation of Plaintiff's claims. The report is based largely on an affidavit from Defendant Tipton. Affidavit of Jason Tipton, attached to Defendants' Motion for Summary Judgment as Exhibit 1. Defendant Tipton asserts that on the date in question, a routine search of each inmate's cell was conducted. *Id.*,

p. 2, ¶ 3. According to Defendant Tipton, due to his verbally abusive and disruptive behavior during the search of his cell, Plaintiff was removed from his housing unit, taken to the Special Management Unit (SMU), and placed in an outdoor recreation cell for a relatively short period of time. *Id.,* pp. 2-3, ¶¶ 3-6. Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Vermont alleging that NFCF prison officials subjected him to cruel and unusual punishment, by placing him in an outdoor segregation cell and leaving him there for over one hour in 27 degree weather without sufficient clothing. Complaint at 10. Plaintiff named as Defendants CCA, CCA officials Turner and Ferguson, Vermont Department of Corrections officials Oddy and Hofmann, and NFCF employees Figueroa, Tipton, Granger,[1] Solis, and Nellis.[2] By order dated February 8, 2008, United States District Judge J. Garvan Murtha dismissed Defendants Oddy and Hoffman, the only Vermont Defendants, and ordered the remainder of the case transferred to this Court pursuant to 28 U.S.C. § 1406.

By order dated August 19, 2008, Judge Miles-LaGrange adopted the recommendation of the undersigned and granted in part Defendants' motion to dismiss which was pending when the case was transferred. In that order Judge Miles-LaGrange dismissed Defendant CCA and, pursuant to screening under 28 U.S.C. § 1915(e)(2)(b)(ii), dismissed Plaintiff's

---

[1] This Defendant's name is also spelled "Grainger" in various documents by both parties. With the exception of quotations from the record, the undersigned has referred to this Defendant as "Granger" for purposes of this Report and Recommendation.

[2] This Defendant was initially named as "John Doe #1," but on April 16, 2007, Plaintiff moved to amend the caption of his complaint to identify "John Doe #1" as David Nellis.

individual liability claims against Defendants Ferguson, Turner and Figueroa for failure to state a claim, denied Plaintiff's claim for injunctive and declaratory relief as moot, and dismissed Plaintiff's state law claims brought pursuant to Vermont state law.  In addition, Plaintiff was granted an extension of time in which to serve Defendants Granger and Nellis.  The matter was re-referred to the undersigned.

Defendants Tipton, Granger, Solis, and Nellis ("Defendants"), who have been sued in their individual capacities, have filed a motion for summary judgment [Doc. No. 27, hereinafter "Defendants' Motion"], and Plaintiff has filed a response in opposition [Doc. No. 28, hereinafter "Plaintiff's Response"].  Thus, the matter is at issue.  For the reasons set forth below, it is recommended that Defendants' motion be granted in part and denied in part.

**Plaintiff's Claims**

The undersigned has construed Plaintiff's complaint as raising the following claims.  First, Plaintiff contends that his placement in an outdoor metal cell for over an hour in 27 degree weather without adequate clothing violated his Eighth Amendment right to be free from cruel and unusual punishment.[3]  Complaint p. 24, ¶ 2.  Plaintiff also alleges that Defendants Tipton and Granger were deliberately indifferent to his constitutional rights by failing to follow their own policies and procedures and to properly monitor and supervise employees under their supervision.  *Id.*, ¶ 5.  Plaintiff finally alleges that Defendants' "acts

---

[3]Although Plaintiff initially alleges that Defendants' actions violated his **First** Amendment rights, he thereafter contends that his **Eighth** Amendment rights were violated.  *Compare* Complaint, p. 24 with pp. 26, 27.

3

of threats, intimidation, and retaliation"[4] constituted gross negligence, a failure to protect, and a violation of due process. *Id.*, ¶¶ 6, 7. As relief, Plaintiff requests entry of a declaratory judgment, issuance of a permanent injunction against Defendants, compensatory and punitive damages, attorney fees and the seizure of Defendants assets to satisfy any judgment awarded against them. *Id.*, pp. 25-29.

Defendants move for summary judgment on the following grounds: (1) Plaintiff has failed to show a sufficiently serious deprivation and has failed to show that Defendants knew of and disregarded an excessive risk of harm to Plaintiff, (2) Plaintiff fails to allege sufficient facts to support a claim of an improper retaliatory motive on the part of Defendants; and (3) Plaintiff has failed to exhaust his administrative remedies as to his claims of retaliation and denial of due process as required by 42 U.S.C. § 1997e(a). Defendants' Motion, pp. 6-16.

## ANALYSIS

### I. Standard Governing Motions for Summary Judgment

Summary judgment is appropriate when the pleadings and evidentiary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the

---

[4]In a portion of Plaintiff's "Background Facts," Plaintiff describes a relationship he had with a female corrections officer which led to a prison disciplinary action in July 2006. Complaint, pp. 12-13. According to Plaintiff, following his release from segregation for that offense, "the attitude of the correctional staff towards the plaintiff had definitely changed" and a pattern of retaliation began. *Id.*, pp. 14-15.

4

outcome of the suit under the governing law." *Id.* In considering a motion for summary judgment, the court views the evidence and reasonable inferences drawn from the record in the light most favorable to the nonmoving party. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Instead, the moving party initially bears the burden only of "showing--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotations omitted). Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 324. The nonmoving party "may not rest upon mere allegation" in his pleadings to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted).

Furthermore, the Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a pro se litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury.[5]

---

[5]Plaintiff's complaint was not signed under oath, and therefore may not be treated as an affidavit. However, in response to the Special Report and Defendants' motion, Plaintiff has filed
(continued...)

*Hall*, 935 F.2d at 1111 (citation omitted). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

## II. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) as to certain claims raised in the complaint. When an affirmative defense, such as the failure to exhaust administrative remedies,[6] is asserted in a motion for summary judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

While Defendants do not challenge Plaintiff's exhaustion of the NFCF grievance procedure with respect to his Eighth Amendment claim, Defendants do contend that Plaintiff

---

[5](...continued)
an affidavit which has been considered in resolving the summary judgment motion.

[6]Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216-18 (2007); *see also Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

has failed to exhaust the claims of retaliation and denial of due process, asserting that they are therefore entitled to summary judgment as to these claims. To the extent the complaint is read to raise such claims, the undersigned agrees.

The Prison Litigation Reform Act of 1995 ("PLRA") directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The PLRA's administrative exhaustion requirement is satisfied if the inmate complies with the prison's grievance procedures. *Jones v. Bock*, 549 U.S. at 218.

The NFCF grievance policy sets out a multi-step procedure an inmate must complete in order to exhaust administrative remedies, which procedure includes an informal grievance, a formal grievance and an appeal to the warden. Defendants Motion, Ex. 4. "An inmate who begins the grievance process but does not complete it is barred from pursuing a §1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 204 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must

properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

Defendants assert that Plaintiff did not file any grievances alleging a denial of due process or retaliation for having previously exercised his constitutional rights. Defendants' Motion, p. 15. In support of this assertion, Defendants rely on the information in the Special Report submitted under oath by Johnanna Oglesby, the Special Report Coordinator for CCA and NFCF, that other than the grievances identified in the Special Report, no other claims arising from the incident have been exhausted. S. R., p. 5. In response, Plaintiff contends that in the "meeting" with the warden on February 18, 2007, Plaintiff described the "underlying issues" in this case, specifically the "retaliation by prison employee(s)" and "cruel and unusual punishment." Plaintiff's Response, p.13.

Plaintiff fails to assert or present any evidence that he filed a grievance raising a retaliation or due process claim in accordance with NFCF grievance policy.[7] Liberally construing the grievances submitted by Plaintiff, the undersigned finds no complaints relating to retaliation or the denial of due process. *See Kikumura v. Osagie*, 461 F.3d 1269, 1282-85 (10th Cir. 2006) ("[W]e hold that a grievance satisfies § 1997e(a)'s exhaustion requirement [only] so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally."); *Paulino v. (FNU) (LNU)*, No. 06-3285, 2006

---

[7]To the extent Plaintiff contends that a letter sent to CCA vice-president James Turner on September 15, 2006, (with copies sent to the NFCF warden and certain VDOC officials), satisfies the § 1997e(a) exhaustion requirement, such contention should be rejected. Plaintiff's Response, p. 9. The letter did not conform to the NFCF grievance policy and, in any event, was written before the events at issue took place.

WL 3190277, *2 (10th Cir. Nov. 6, 2006)[8] (upholding the district court's conclusion that grievances had not supplied prison officials with sufficient notice to investigate specific claims). Nor does Plaintiff's "discussion" with the warden substitute for the filing of a grievance as required by the NFCF grievance policy. *Fields,* 511 F.3d at 1932 ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient.").

Consequently, the undersigned finds Defendants have established Plaintiff's failure to exhaust his administrative remedies with respect to claims of retaliation and violation of due process and that Plaintiff has not demonstrated with specificity the existence of any disputed material facts as to such issue. *Hutchison*, 105 F.3d at 564. Because Plaintiff did not exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing this action, Defendants are entitled to summary judgment with respect to any claim based on retaliation and violation of due process.

### III. Plaintiff's Eighth Amendment Claim

Plaintiff alleges that his confinement in an outdoor cell for approximately an hour in below freezing weather, handcuffed and wearing only his tennis shoes and underwear "pos[ed] a serious risk of harm, such that it would shock the conscience of the community, and the defendants displayed a state of mind of deliberate indifference to his health and safety." Complaint, p. 23, ¶ 105. Plaintiff asserts that Defendants violated his "right to be

---

[8]This unpublished decision and any others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

free from cruel and unusual punishment as guaranteed in the [Eighth][9] Amendment of the Constitution." *Id.*, p. 24, ¶ 2.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments."[10] U.S. Const. amend. VIII. The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, the Eighth Amendment "imposes duties on prison officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). *See also Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) (states must provide their inmates with "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (*i.e.*, hot and cold water, light, heat, and plumbing)").

To prevail on a conditions of confinement claim under the Eighth Amendment an inmate must demonstrate first that the alleged deprivation was sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Secondly, it must be

---

[9] Plaintiff actually states the "**First**" Amendment. Complaint, p. 24. However, because Plaintiff repeatedly alleges facts to show that his rights under the **Eighth** Amendment have been violated, this sole reference to the First Amendment appears to be an error. *See e.g.,* Complaint, pp. 1, 26, 27; Plaintiff's Response, p. 2, 8.

[10] The Eighth Amendment applies to states through the Due Process Clause of the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 666-67 (1962).

demonstrated that the official acted with a sufficiently culpable state of mind, namely deliberate indifference to inmate health or safety. *Id.*

Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation[,] the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration.'" *Id.* at 973 (quoting *Johnson*, 217 F.3d at 732); *accord Mitchell v. Maynard*, 80 F.3d 1433, 1442-43 (10th Cir. 1996) (stating that "[i]t is important to consider the conditions of confinement as a whole" and citing cases where deprivation of human needs amount to a Eighth Amendment violation).

For the reasons discussed below, the undersigned finds that although this case is a close one, summary judgment should be denied because genuine issues of material fact exist as to whether the conditions to which Plaintiff was subjected were sufficiently serious and as to whether Defendants knowingly disregarded an excessive risk to Plaintiff's health and safety.

### A. Objective Prong - Sufficiently Serious Deprivation

Plaintiff alleges that Defendants placed him in an outdoor cell in below freezing weather dressed only in his underwear and tennis shoes and deliberately subjected him to

excessively cold conditions in violation of his right to be free from cruel and unusual punishment. Complaint, p. 24. In his pleadings and in the grievances he filed at NFCF Plaintiff complains that he was left in the outdoor cell for approximately one hour and the temperature was approximately 27 to 35 degrees Fahrenheit.[11] Plaintiff contends that being left outdoors under such conditions exposed him to "the potential of frostbite, hypothermia, and other cold-related injuries in addition to the psychological torture and pain and suffering associated with being abandoned out in the cold . . . ." Plaintiff's Response, attached Affidavit, p. 7, ¶ 26. Plaintiff alleges, and the record shows, that shortly after his exposure to the cold Plaintiff submitted a sick call request complaining of a sore throat, headache and cough, and on February 4, 2007, four days after the incident, he was treated in the facility medical clinic for a common cold. Complaint, p. 19; S.R., Ex. 3 (Protocol Forms dated February 4, 2007).

To trigger the Eighth Amendment, Plaintiff must first establish that the complained-of condition is "'sufficiently serious'" to show that he was deprived of the "'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The conditions, moreover, should be considered as a whole if they have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need such as . . . warmth . . . for example, a low cell temperature at night combined

---

[11]Plaintiff has submitted weather data for the Sayre, Oklahoma, area showing that on January 31, 2007, the high temperature was forecast at 40 degrees Fahrenheit and the low was forecast at 27 degrees Fahrenheit. Complaint, Attachment 2. In an affidavit, Plaintiff states that the outside temperature on the morning in question was 27 degrees. Plaintiff's Response, attached Affidavit, p. 7, ¶ 22.

with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

It is well established in this circuit that adequate heat and clothing are basic human necessities protected by the Eighth Amendment. *See Mitchell*, 80 F.3d at 1443 (material issue of fact precluded summary judgment for Oklahoma prison officials regarding Eighth Amendment claim where inmate alleged officials placed him in an unheated concrete cell without clothing, a mattress or bedding while outside temperatures remained in the mid-50s); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) (stating that prison must provide inmate living space with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities, *i.e.*, hot and cold water, light, heat, plumbing); *DeSpain v. Uphoff*, No. 99-8106, 2000 WL 1228003, *4 (10th Cir. August 30, 2000) (holding prisoner's allegation that on two separate occasions--totaling eight days--he was placed in a cell without clothes, without a mattress or bedding, and without any means to keep warm supported his conditions of confinement claim sufficiently to withstand *sua sponte* dismissal); *Hawkes v. Wyoming Dept. of Corr. Honor Conservation Camp*, No. 97-8006, 1997 WL 545594, *2 (10th Cir. Sept. 4, 1997) ("[A]n allegation of inadequate heating may state an Eighth Amendment violation.") (citing *Ramos*, 639 F.2d at 568).

Other federal courts considering Eighth Amendment claims brought by prisoners subjected to extreme cold, either alone or in combination with other prison conditions, have found that such conditions sufficiently implicated constitutional rights. *See Gordon v. Faber*, 973 F.2d 686, 687 (8th Cir. 1992) (holding that keeping inmates outdoors for one hour to one hour and forty-five minutes with lined coats but without hats or gloves in sub-freezing

temperatures and windchill amounted to deliberate indifference that violated the prisoners' Eighth Amendment rights); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir.1992) (affirming district court's decision that inmates exposed to harsh winter conditions without proper winter clothing may suffer from infliction of pain that are without penological justification in violation of the eighth amendment); *Chandler v. Baird*, 926 F.2d 1057, 1065-66 (11th Cir. 1991) (reversing district court's grant of summary judgment on qualified immunity where prisoner alleged, among other things, that during administrative confinement he was placed in a cold cell with temperatures as low as 60 degrees with no clothes except undershorts); *Davidson v. Coughlin*, 920 F.Supp. 305 (N.D. N.Y. 1996) (material issue of fact precluded summary judgment where inmate alleged that prison officials denied inmate winter underwear, socks, sweater, boots, and gloves during harsh winter season); *Davidson v. Scully*, 914 F.Supp. 1011 (S.D. N.Y. 1996) (material issue of fact precluded summary judgment where inmate alleged that prison officials failed to provide warm outdoor clothing in violation of Eighth Amendment); *Pellum v. Burtt*, No. 9:05-3339-JFA-GCK, 2008 WL 759084, *25 (D.S.C. March 20, 2008) (unpublished opinion) (objective component of Eighth Amendment claim stated where prisoner had shown he was housed in a cell for four days during the month of December without a mattress, a blanket or any extra clothing) (collecting supporting federal circuit court of appeals and district court cases). Plaintiff cites additional cases recognizing that subjecting an inmate to excessively cold temperatures without adequate clothing implicates conditions imposing a substantial risk of serious harm. Plaintiff's Response, pp. 2-4.

Defendants contend that Plaintiff was not subjected to sufficiently serious conditions because "the time spent by the Plaintiff in the recreation cell was relatively short."[12] Defendants' Motion, p. 8. The length of time Plaintiff was left exposed to the elements is, however, a material fact that is clearly disputed. According to Defendants, Plaintiff "admittedly was exposed to cold for a short period of time; likely less than ½ hour." *Id.*[13] *See also* Affidavit of Jason Tipton, attached to Defendants' Motion as Exhibit 1.[14] Plaintiff disputes this time frame, alleging that he was outside between 40 minutes to "over an hour." *See* Complaint, pp. 10, 18 (over one hour); Affidavit of Theresa Stutes, Attachment 16 to Complaint, p. 1 (40-60 minutes); Affidavit of Plaintiff, attached to Plaintiff's Response, p. 7, ¶ 26 (about 45 minutes).

---

[12]Defendants cite *Trevino v. Jones*, No. 06-CV0257, 2007 WL 710213 (N.D. Okla. March 6, 2007), an unpublished district court decision, in support of their argument that given the short duration of Plaintiff's stay in the outdoor cell, the conditions were not sufficiently serious to satisfy the objective component. Defendants' Motion p. 8-9. However, the circumstances of that case are distinguishable from those of the present case. Mr. Trevino alleged that he was assigned to the prison's outdoor recreation yard for five consecutive days during February 2006, exposing him to sub-freezing temperatures and harsh winds. *Trevino*, 2007 WL 710213, *2. Defendants disputed the temperature and asserted that shelter, coats and coveralls were provided. *Id.* In holding that Mr. Trevino had not alleged a sufficiently serious deprivation to constitute an Eighth Amendment violation, the district court considered the related circumstances. *Id.*, *7. In addition to the short duration of Trevino's exposure to cold temperatures, the court also considered that Trevino had been issued coveralls and thus had protection from the cold, that other inmates on work crews were also outdoors during the same time period, and that Trevino had provided no evidence of any medical condition related to his exposure to cold temperatures in February 2006. *Id.*

[13]According to the Special Report, an SMU (Special Management Unit) outdoor cell has a concrete wall with chain-link fencing dividing the space between the cells, and the top of each cell is open. S.R., p. 4, ¶ 17 and Exhibit 2 (photograph of the outdoor SMU area).

[14]According to Defendant Tipton, Plaintiff was taken from his housing unit to the SMU outdoor cell at 8:19 a.m. and brought back inside around 8:30 a.m. pursuant to Tipton's instructions. Affidavit of Jason Tipton, attached to Defendants' Motion as Exhibit , pp. 2, ¶ 6 and 3, ¶ 9.

15

It is undisputed that Plaintiff was wearing only underwear and tennis shoes and that his hands were handcuffed behind his back during his confinement in the outdoor cell. Plaintiff states that given the cold temperature – 27 degrees – and the minimal clothing he was wearing, he became "unbearably cold" and could not even attempt to warm himself because his hands were cuffed behind his back. Affidavit of Plaintiff, attached to Plaintiff's Response, p. 7, ¶ 25. In moving for summary judgment, Defendants do not dispute Plaintiff's allegations regarding the temperature or his placement in handcuffs.

The Supreme Court has recognized that some conditions, which taken singly do not constitute cruel or unusual punishment, may in cumulative effect violate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. at 304 (citing low nighttime cell temperature plus a failure to issue blankets as an example). *See also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("The more basic the need, the shorter the time it can be withheld.") (citation omitted). Viewing the facts supported by competent evidence and drawing reasonable inferences from those facts in the light most favorable to Plaintiff, the undersigned finds material facts are disputed with respect to whether Defendants deprived Plaintiff of basic human necessities in violation of the Eighth Amendment. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's Eighth Amendment claim.

**B. Subjective Prong - Knowledge and Disregard of Inmate Health and Safety**

Plaintiff contends that Defendants placed him in conditions posing a serious risk of harm and "displayed a state of mind of deliberate indifference to his health and safety." Complaint, p. 23, ¶¶ 105, 107.

In order to satisfy the subjective component of a prisoner's Eighth Amendment claim, it must be demonstrated that a prison official had a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. The Supreme Court has held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

Defendants contend that Plaintiff's Eighth Amendment claim fails because there is no genuine issue of fact as to whether Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. Defendants' Motion, p. 10. The support for this contention is the affidavit of Defendant Tipton. Officer Tipton avers that on January 31, 2007, during a routine cell search being conducted at approximately 8:15 a.m., Plaintiff was so verbally abusive and disruptive that Plaintiff, who was wearing a t-shirt and boxers, was handcuffed and removed from his cell. Affidavit of Jason Tipton, p. 2-3, ¶ 4-7, attached as Exhibit 1 to Defendants' Motion. Tipton states that he directed Defendants Solis and Granger to place Plaintiff in an outdoor recreation cell away from the other SMU inmates so that he could speak with Plaintiff and calm him down; however, at 8:25 a.m., before he could speak to Plaintiff, Tipton was alerted to a "medical emergency" in another SMU cell. *Id.* According

17

to Tipton, he and the other two officers responded and transferred the inmate, who was having trouble breathing, to the medical clinic at 8:30 a.m. *Id.*, p. 3, ¶ 7. Tipton states that because of the "medical situation" he realized that he would not be able to speak immediately to Plaintiff, and so he contacted the SMU duty officer by radio and instructed him to move Plaintiff to an indoor SMU cell and hold him there until the cell search had been completed. *Id.,* ¶ 8. Tipton claims he returned to SMU at 10:10 a.m. to escort Plaintiff back to his housing unit. *Id.*, p. 4, ¶ 10.. Tipton states "[i]t is my understanding and belief that the SMU duty officer brought Inmate Stutes in from outside the SMU either immediately or very shortly after receiving my radio instruction at 8:30 a.m." *Id.*, p. 3, ¶ 9.

Plaintiff disputes Defendants' version of the facts and contends that he was released from outdoor confinement only because an inmate in an indoor SMU cell asked duty officer Vickers, who had been out of the unit on break when Plaintiff was placed in the outdoor cell, about Plaintiff. Complaint, p. 19; Plaintiff's Affidavit, attached as Exhibit 1 to Plaintiff's Response. Plaintiff has submitted an affidavit from James Walters (#300571), an inmate who was in an indoor SMU cell on the date in question. Affidavit of James Walters, Jr., attached as Exhibit 13 to Plaintiff's Complaint. Walter states under oath that he observed Plaintiff being locked outside in the exercise area, where there was snow on the ground, wearing his boxer shorts, t-shirt and tennis shoes. Walters asserts that when Officer Vickers returned to SMU from a break, Walters asked him why Plaintiff was outside. According to Walters, Vickers was unaware that Plaintiff had been brought to the segregation unit. Walters states that it was another 30 minutes before Vickers brought Plaintiff inside SMU. *Id. See also*

Complaint, p.19, ¶¶ 75, 77. According to Plaintiff, Officer Vickers "looked shocked" as Plaintiff explained the events resulting in his confinement in the outdoor cell. Affidavit of Plaintiff, attached to Plaintiff's Response, p. 8, ¶ 29.

Based upon the record before the Court, the undersigned finds that Defendants have failed to demonstrate that there are no genuine issues of material fact with respect to Plaintiff's Eighth Amendment claim. Defendant Tipton's conclusory explanation that a "medical emergency" prevented his retrieving Plaintiff from the outside cell and his "belief" that Plaintiff was brought inside "either immediately or very shortly after" he gave such instruction to another officer, are simply inadequate to satisfy Defendants' burden on summary judgment, particularly in light of conflicting evidence submitted by Plaintiff. Because a genuine issue of material facts exists as to whether Defendants violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to a serious risk of harm to Plaintiff, Defendants' motion for summary judgment should be denied.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge, that Defendants' motion for summary judgment [Doc. No.27] be granted with respect to Plaintiff's failure to administratively exhaust his procedural due process claim and retaliation claim as required by 42 U.S.C. § 1997e(a). It is further recommended that summary judgment be denied as to Plaintiff's Eighth Amendment conditions of confinement claim.

The parties are advised of their right to file an objection to the Report and

Recommendation with the Clerk of this Court by the 15th day of March, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

    ENTERED this 23rd day of February, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE